# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ENCORE FURNITURE THRIFTS ) | |
| AND MORE, LLC, d/b/a DOUBLE ) | |
| TAP TACTICAL, LLC, ) | |
| ) | NO. 3:16-cv-02846 |
| Plaintiffs, ) | CHIEF JUDGE CRENSHAW |
| ) | |
| v. ) | |
| ) | |
| DOUBLETAP, INC., ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 14). For the reasons stated herein, Defendant's Motion to Dismiss will be granted, and this action will be dismissed without prejudice.

## BACKGROUND

Encore Furniture Thrifts and More ("Encore") owns and operates a retail store in Clarksville, Tennessee, under the name of "Double Tap Tactical." Encore sells tactical gear, gun accessories, military surplus, clothing, and other related products. Doubletap, Inc. ("Doubletap") manufactures and distributes firearm ammunition under the brand name Doubletap and has registered trademarks for the name Doubletap Ammunition and the names of several subcategories of ammunition and bullets.

This dispute arose from Encore's alleged unauthorized use of Doubletap's trademarks, which Doubletap contends has caused actual consumer confusion. On October 6, 2016, Doubletap's attorney sent a letter to Encore, demanding that Encore stop using the Double Tap name in connection with ammunition and related products. (Doc. No. 24-1.) In response, Encore's attorney

wrote a letter, dated October 25, 2016, to Doubletap's attorney, contending that Encore was not infringing upon any trademarks of Encore and stating: "All that said, my client would prefer to resolve this dispute without the need for litigation." (Doc. No. 24-2.) Encore asked for clarification as to the specific extent which Doubletap claimed it should not be allowed to use the name Double Tap. Id.

Encore filed this declaratory judgment action on November 7, 2016, but Doubletap argues it did not receive service of the Complaint until December 13, 2016.[1] Doubletap filed its own enforcement action in Utah on December 8, 2016. On December 9, 2016, Doubletap's lawyer sent another letter to Encore's lawyer, further explaining its claims and stating: "It is clear to Doubletap that your client does not intend to resolve this dispute without litigation." The letter asserted that if its demands were not met by December 20, 2016, Doubletap would serve its Utah complaint upon Encore. (Doc. No. 15-5.)

Encore asserts that Doubletap's "baseless and overly broad and expansive threat of potential liability" created uncertainty for Encore and its business and, therefore, Encore filed this action, asking the Court to resolve that uncertainty through Declaratory Judgment. Encore claims that an actual controversy exists by way of Doubletap's demand for Encore to cease and desist use of Encore's business name and because of the threatened potential liability. Doubletap has moved to dismiss this action, arguing that Encore filed it simply for the purpose of "procedural fencing," and that the Court, in its discretion, should not exercise declaratory judgment jurisdiction.

---

[1] Encore claims it attempted to serve Doubletap via mailing on November 14, 2016, and delivery attempts by the U.S. Post Office on November 18, 2016, December 20, 2016, and December 27, 2016. (Doc. No. 24-2.)

2

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

## DECLARATORY JUDGMENTS

The Declaratory Judgment Act states that in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. The central purpose of the Declaratory Judgment Act is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit. Severe Records, LLC v. Rich, 658 F.3d 571, 580 (6th Cir. 2011). The Act allows federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. Scepter, Inc. v. Metal Bulletin Ltd. 165 F.Supp.3d 680, 686 (M.D. Tenn. 2016).

Under the Declaratory Judgment Act, the court has discretion *not* to hear a declaratory judgment action, even where jurisdiction exists. Catholic Health Partners v. Carelogistics, LLC, 973 F.Supp.2d 787, 792 (N.D. Ohio 2013). A plaintiff who files a declaratory judgment action does not have a right to the forum of his choosing. Id. "The federal declaratory judgment is not a prize to the winner of the race to the courthouse." Id. Thus, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in a coercive action militates in favor of dismissing the declaratory judgment action. Id.

The Sixth Circuit has adopted a five-factor test to assess the propriety of the federal court's exercise of discretion in a Declaratory Judgment Act case: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) whether the use of the declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. Amsouth Bank v. Dale, 386 F.3d 763 (6th Cir. 2004).

### FIRST-TO-FILE RULE

The Sixth Circuit has recognized the "first-to-file rule" as a well-established doctrine that encourages comity among federal courts of equal rank. Cook v. E.I. Dupont De Nemours and Co., 2017 WL 3315637 at * 2 (M.D. Tenn. Aug. 3, 2017). Under the first-to-file rule, when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. Ian v. Bottom Line Record Co., 2016 WL 8711721 at * 3 (M.D. Tenn. July 1, 2016); Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007).

Yet, exceptions to the first-to-file rule are not rare and are made when justice or expediency requires. Scepter, 165 F.Supp.3d at 686.[2] The first-to-file rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment. Id.; Amsouth, 386 F.3d at 791. Cases construing the interplay between declaratory judgment actions and suits based on the merits of the underlying substantive claims create, in

---

[2] A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. Certified Restoration, 511 F.3d at 551.

practical effect, a presumption that a first-filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit. Certified Restoration, 511 F.3d at 552. Coercive actions should, with few exceptions, be given precedence over declaratory judgment actions, even when a declaratory judgment action presenting similar parties and issues is filed first. Lexington Ins. Co. v. Lion Oil Co., 2014 WL 202371 at * 6 (M.D. Tenn. Jan. 16, 2014). Courts take a "dim view" of plaintiffs who filed their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum. Amsouth, 386 F.3d at 788.

Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. Certified Restoration. 511 F.3d at 551-552. In determining whether the first-to-file rule should apply, the court may consider: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. Lexington Ins. at * 4. If these factors support application of the rule, the court must also evaluate whether equitable considerations weigh against it. Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016). District courts have the discretion to dispense with the first-to-file rule where equity so demands. Certified Restoration, 511 F.3d at 551.

**DISCUSSION**

There is no dispute that this action was filed before the Utah action, even though Doubletap claims it was not served until after it had filed the Utah action. The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are *filed* (not served). Baatz, 814 F.3d at 790. There is no dispute that the parties and issues of this action are the same as the parties

5

and issues in the Utah action. There is no dispute that this action is for a declaratory judgment that Encore has not infringed Doubletap's trademarks, and the Utah action is for enforcement of the federal trademark laws against Encore for infringing Doubletap's trademarks. In other words, this action is the very type of anticipatory lawsuit, filed in anticipation of the enforcement action and potentially because of forum shopping, which should not be given deference under the first-to-file rule. Certified Restoration, 511 F.3d at 552. This is an aspect of forum shopping, and the Court should not reward the first-filer by allowing it to select the forum of its choosing, because it is not the "natural" or "true" plaintiff. Catholic Health Partners, 973 F.Supp.2d at 792.

Even if Encore's filing was not suspect, the Court, in its discretion, declines to apply the first-to-file rule in this case. As noted above, when a declaratory judgment action and an action based on the merits of the underlying substantive claims are considered, there is a presumption that the first-filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit. After considering the factors for determining the propriety of this declaratory judgment case,[3] and based upon the exceptions to the rule set forth above, the Court, in its discretion, finds that this action should be dismissed, without prejudice, because of the pending enforcement action in Utah.

For these reasons, Doubletap's Motion to Dismiss will be granted, and this action will be dismissed without prejudice. The Court specifically does not address Doubletap's other arguments, which now can be more properly brought before the Utah court.

---

[3] Both pending actions would settle the entire controversy and clarify the legal relations between the parties. This declaratory action serves no useful purpose, however, because it postures Encore as an unnatural plaintiff instead of a natural alleged infringer. This declaratory action is being used for procedural fencing and there is a more effective remedy in the Utah action.

An appropriate order will be filed.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE